UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 4:24-CR-00299-MTS |
| vs. | ) | |
| | ) | |
| CHINTANKUMAR PAREKH, | ) | |
| Defendant. | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW Defendant, Chintankumar Parekh, by and through counsel, and submits this memorandum to aid this Honorable Court in determining an appropriate sentence in the above-styled cause which we believe should be a below-guideline sentence.  In support of this request, Defendant states the following:

Defendant pled guilty to Conspiracy to Commit Wire Fraud on August 27, 2025.  Under the U.S. Sentencing Guidelines ("USSG") and pursuant to the plea agreement, the parties agree that the Base Offense Level is 7.  The parties agree that an additional 18 levels should be added because the offense resulted in a loss foreseeable to Defendant in excess of $3,500,000.  Further, the parties agreed that 4 levels should be added because the offense caused substantial financial hardship to five or more victims.  Additionally, 2 levels should be added because a substantial part of the fraudulent scheme was committed from outside the United States.  The Government has agreed that Mr. Parekh should receive a 3-level reduction for acceptance of responsibility resulting in a total offense level of 28. The PSR

calculated a criminal history score of 0 resulting in a criminal history category of I. A Total Offense Level of 28 with a criminal history category I results in a guideline range of 78-97 months.

FACTORS SUPPORTING A BELOW GUIDELINE SENTENCE<br>Nature of the Offense

Federal felonies are by definition, serious offenses.  Mr. Parekh's conviction resulted in a loss of $3,500,000.  It is undisputed that Mr. Parekh did not receive anywhere near $3.5 million.   Without diminishing what Mr. Parekh did, his guideline range severely overstates his specific actions/conduct.  Mr. Parekh has clearly demonstrated his respect for the legal process by agreeing to plead guilty as soon as possible, accepting responsibility and foregoing a trial.  His continued incarceration will result in the loss of his livelihood and will impact his family.

The maximum term of imprisonment for this offense is 20 years and the maximum fine is $250,000.

NATURE OF THE OFFENDER

Chintankumar Parekh attended school until the 10th grade.  Upon leaving school, Mr. Parekh immediately entered into the workforce. Most recently, Mr. Kumar has worked in the hotel hospitality industry as a front desk clerk and maintenance worker.

Cintankumar Parekh has two children, ages 21 and 16.  Prior to his incarceration Mr. Parekh enjoyed a very healthy and fruitful relationship with his children and provided for them emotionally and financially.  Mr. Parekh's continued

incarceration would have detrimental effects on both of his children in different ways.

### Collateral Consequences Fulfill Most Purposes of Sentencing

Chintankumar will suffer tremendously from the collateral consequences of his felony conviction. As the Court is aware, Mr. Parekh is not a citizen of the United States and his conviction would subject him to deportation proceedings which would severely impact his relation with his children.

### CHINTANKUMAR PAREKH POSESSES A LOW RISK OF RECIDIVISM

Mr. Parekh has never been in felonious trouble before. The Sentencing Commission notes "that first offenders are less culpable than other offenders." It found that "sentencing reductions for 'first offenders' are supported by the recidivism data and would recognize their lower reoffending rates." Congress has also recognized "the general appropriateness of imposing a sentence other than imprisonment" for first offenders, not convicted of violence or similarly serious offenses. Mr. Parekh has never been in any serious trouble. There is nothing in his past or even in the current situation that would indicate that he will break the law again or that the community must be protected from his continued incarceration.

Recidivism rates are influenced most by a defendant's personal characteristics, such as: (1) family ties; (2) level of education; (3) a lack of substance abuse; and (4) a history of stable employment. Mr. Parekh has a strong employment/ history and even stronger family ties. Mr. Parekh enjoys a very strong relationship

with his children and speaks with them almost daily.  Mr. Parekh has avoided

controlled substances his entire life.

REQUESTED SENTENCE AND CONCLUSION

For the reasons stated above and the § 3553(a) factors, Counsel submits that

the appropriate sentence in this case should be a sentence of twenty-four months

followed by a term of supervised release.  This sentence is sufficient but not greater

than necessary to reflect the seriousness of the offense, to promote respect for the

law and to provide just punishment.  This punishment would afford adequate

deterrence to criminal conduct, would protect the public from further crimes of the

defendant and would provide Mr. Parekh with correctional treatment in the most

effective manner.

Respectfully Submitted,

/s/ *Raphael O. Morris II*
Raphael O. Morris II # 55245MO
Attorney for Defendant
7281 Olive Blvd.
St. Louis, MO 63130
Phone:  314-241-5900
rm@themorrisfirmSTL.com

I certify that on this 24th day of November, 2025 a true copy of the above
was served on the U.S. Attorney's Office and Assistant United States Attorney
Mrs. Gwendolyn Carroll via Court electronic filing system.

/s/ *Raphael O. Morris II*